United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFERY ALAN RICHIE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-CV-02304 |
| § | |
| KENDRA CHARBULA, SHANNON § | |
| SRUBAR, and JANET HOFFMAN, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

At all times relevant to this case, Plaintiff Jeffery Alan Richie was an inmate in the Wharton County Jail. He filed suit under 42 U.S.C. § 1983 alleging that the Defendants deprived him of access to the courts, denied him medical care, and improperly took funds from his inmate trust account. The Defendants have now moved to dismiss or, in the alternative, for summary judgment. (Dkt. No. 26). Richie responded to the motion and appears, though it is not entirely clear, to cross-move for summary judgment, (Dkt. No. 28). Based on the pleadings, the motions, and the applicable law, the Defendants' Motion is granted, Richie's Motion is denied, and this case is dismissed with prejudice for the reasons set out below.

## I. BACKGROUND

Richie was, at all relevant times, detained in the Wharton County Jail. He alleges that medical treatment he has received for pre-existing conditions is constitutionally inadequate, that an inadequate jail law library and misconduct by court officials have

deprived him of access to the courts, and that funds were improperly taken from his inmate account as co-payments for medical treatment.

## II. STANDARD OF REVIEW

### A. RULE 12(B)(6)

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks and citations omitted).

### B. SUMMARY JUDGMENT

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a

genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## III.   ANALYSIS

### A.   MOTION TO STRIKE

As a preliminary matter, Richie has filed a motion to strike the affidavit of Wharton County Sheriff's Captain Reynaldo Rodriguez, submitted in support of the defendants' motion for summary judgment. (Dkt. No. 27). Richie contends that the affidavit should be stricken because it contains false statements and hearsay.

Richie's argument that the affidavit contains false statements is wholly conclusory. As the Defendants point out, Richie disputes a statement by Rodriguez that Richie received an inmate handbook, but Richie quotes from the handbook. Richie complains that the law library has only two rows of books and no federal reporters, but Rodriguez submits a photograph of the library showing more than two rows of books and Richie cites federal case law. Richie thus fails to show that the Defendants' evidence contains false statements.

Richie also complains that Rodriguez's statements about Richie's medical care are hearsay. The Federal Rules of Evidence define hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Rodriguez points out that Richie's medical chart shows that he has received regular treatment. While Rodriguez does quote certain statements made by Richie to medical personnel, these statements are not hearsay because they are admissions, *see* Fed.

3

R. Evid. 801(d), or fall under the exception to the hearsay rule for statements made for medical diagnosis or treatment, Fed. R. Evid. 803(4). The Motion to Strike is denied.

### B. DEFENDANT SHANNON SRUBAR

Defendant Shannon Srubar is the Wharton County Sheriff. Richie contends that Srubar is liable for providing constitutionally inadequate medical care. The Fourteenth Amendment guarantees pretrial detainees a right "not to have their serious medical needs met with deliberate indifference on the part of the confining officials." *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001). A pretrial detainee alleging deliberate indifference must show that "(1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference." *Dyer*, 955 F.3d at 506 (quoting *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001)) (internal quotation marks omitted).

The Defendants present evidence that Richie received a medical examination the day after he was admitted to the jail. (Dkt. No. 26, Exh. A at 2). He received frequent examinations after that, at one point being seen by medical personnel 38 times in a 42-day span. (*Id.*). Richie does not dispute these facts, but contends that he was not prescribed the correct medications and treatments. (*See* Dkt. No. 10 at 2).

To prevail on his constitutional claim, Richie must show that Srubar was deliberately indifferent to Richie's serious medical needs. "Deliberate indifference" is more than mere negligence, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 828, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). "Unsuccessful medical

4

treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (internal quotation marks and citations omitted).

The record shows that Richie received medical care. His disagreement with that care does not demonstrate deliberate indifference to his medical needs. Richie also fails to show any personal involvement by Srubar in Richie's medical care. Srubar is the Sheriff; he is not a medical provider. To prevail on his claim, Richie must demonstrate that Srubar was personally involved in the alleged constitutional violation, or that he committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). In addition, it is well established that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Because Richie alleges no personal involvement by Srubar in the provision of medical care, he fails to state a claim for a constitutional violation by Srubar.

C. **ACCESS TO THE COURTS**

Richie contends that he was denied access to the courts because the jail law library is inadequate, and because the office of defendant Charbula, the Wharton County Clerk, improperly filed Richie's lawsuit.

### 1.   Legal Research Resources at the Jail

Inmates have a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This right requires that prison officials provide a reasonable opportunity to file non-frivolous legal claims. *Lewis v. Casey*, 518 U.S. 343, 353-54, 116 S.Ct. 2174, 2181, 135 L.Ed.2d 606 (1996). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate actual harm. *Lewis*, 518 U.S. at 351, 116 S.Ct. at 2180.

The defendants present evidence that Wharton County Jail inmates have access to the jail law library twice a week. The library contains state and federal statutes and case reporters. (Dkt. No. 26, Exh. A at 2). Since 2021, inmates have also had access to electronic research tools. Richie had access to this tool at any time, with no time limits. (*Id.* at 2-3).

### 2.   The County Clerk's Office

On or about February 28, 2022, Richie filed a state application for a writ of habeas corpus challenging a criminal conviction. Gerry Orsak, the Chief Deputy District Clerk for Wharton County filed the application with the Texas Court of Appeals. On or about May 11, 2022, the District Clerk's Office received notice that the application was denied and mailed notice of the denial to Richie. (*Id.*, Exh. C at 1).

In February 2021, the Clerk's Office received a letter from Richie, accompanied by a document titled "Writ of Mandamus to Compel and Subpoena Duces Tecum." Because

Richie had not yet been convicted, Orsak was unsure what this document was intended to be. She filed it in Richie's criminal case and notified Richie's criminal attorney by email. It appears from this lawsuit that Richie intended this document to initiate a state civil case, and that the misfiling is the basis of his access to the courts claim against Orsak's boss, defendant Charbula, the Wharton County Clerk.

As discussed above, liability under Section 1983 requires a showing of personal involvement in any wrongdoing by the defendant. Liability cannot be assessed under a theory of *respondeat superior*. Assuming that Orsak erred in filing Richie's document in the criminal case and that this error constituted a violation of Richie's right to access the courts, Richie fails to plead any personal involvement in the violation by any Defendant named in this case. Instead, the error, if any, was committed by Orsak who is not a party to this case.

Even if Orsak's error could somehow be imputed to Charbula, or if Richie were to amend the complaint to name Orsak, both would be entitled to qualified immunity. "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512, 114 S.Ct. 1019, 1021, 127 L.Ed.2d 344 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted).

Viewing the facts in the light most favorable to the Plaintiff, the evidence establishes that Orsak made a good faith error and filed Richie's ambiguously titled document in the wrong case. Orsak's erroneous attempt to file Richie's pleading was not unreasonable in light of clearly established law. Orsak and Charbula are therefore entitled to qualified immunity on this claim.

### D.  HANDLING OF FUNDS

Richie also claims that Defendant Janet Hoffman misappropriated funds from Richie's inmate trust account. Hoffman was the Wharton County Sheriff's Deputy responsible for managing inmate trust accounts at the Wharton County Jail. (Dkt. No. 26, Exh. B at 1). Texas law requires inmates to make a co-payment when receiving medical services. *See* Tex. Code Crim. P. § 104.002. Hoffman's actions in deducting the required payments for Richie's medical care therefore complied with Texas state law, and Richie fails to show any constitutional violation.

Even if Hoffman acted improperly, however, Richie fails to plead a constitutional violation. The Fourteenth Amendment bars the deprivation of property, including money, without due process of law. It is well-established that, where a state provides remedies for the loss of funds, the requirement of due process is satisfied. *See Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grds. by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Texas provides such remedies. "We have long acknowledged that Texas provides inmates challenging the appropriation of monies in their inmate trust fund account with meaningful postdeprivation remedies, either through statute or through the tort of conversion."

*Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020) (internal quotation marks and citations omitted), *cert. denied sub nom. Hawes v. Lumpkin*, 141 S. Ct. 1465, 209 L. Ed. 2d 180 (2021). Richie therefore fails to state a due process claim.

## IV. CONCLUSION

In light of the foregoing, the Plaintiff's Motion to Strike, (Dkt. No. 27), is **DENIED,** the Defendants' Motion to Dismiss or for Summary Judgment, (Dkt. No. 26), is **GRANTED,** the Plaintiff's Cross-Motion for Summary Judgment, (Dkt. No. 28), is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

It is SO ORDERED.

Signed on September 6, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**